UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 20-CV-3517 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| Defendant. | ) | |

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Louise Trauma Center, pursuant to Fed. R. Civ. P. 56, hereby moves this Court to grant summary judgment in its favor. As shown in the attached memorandum, plaintiff has demonstrated that the Department of Justice has wrongfully withheld records from plaintiff.

Dated: May 25, 2021

Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20cv3517 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**                                                                                      Page

Table of Cases and Other Authorities…………………………………………...………....…3

INTRODUCTION……………………………………………………………………………4

ARGUMENT

    I.    THE DEPARTMENT OF JUSTICE IS WRONGFULLY RELYING
          UPON THE ATTORNEY WORK-PRODUCT PRIVILEGE…………...............6

    II.   THE DEPARTMENT OF JUSTICE HAS NOT CONDUCTED A
          REASONABLE SEARCH FOR RECORDS CONCERNING STUDIES
          AND ANALYSES DONE IN RESPONSE TO THE FOIA IMPROVEMENT
          ACT OF OF 2016..................................................................................................10

        CONCLUSION…………………………………………………………………....…11

# TABLE OF AUTHORITIES

**Cases**
Cases marked with * are chiefly relied upon

*Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 135 (D.D.C. 2008)..................6

*Berger v. United States,* 295 U.S. 78, 88 (1935).............................................................8

<u>Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.</u>, No. CV 19-1552 (ABJ) 2021 WL 1749763, at *14 (D.D.C. May 3, 2021)..................................................5,6

*Gonzalez v. Barr,* 2019 WL 1785492 (7th Cir. 2019)..........................................7

*Grace v. Whitaker,* 344 F. Supp. 3d 96 (D.D.C. 2018)........................................7

Humane Soc'y of U.S. v. Animal & Plant Health Inspection Serv.,

386 F. Supp. 3d 34, 44 (D.D.C. 2019).......................................................6

*Judicial Watch v. Dep't of Commerce*
   375 F. Supp. 3d 93, (D.D.C. 2019)……………………………………...9

*Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986).......................................6

*Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) ............................................5

<u>Pavement Coatings Tech. Council v. United States Geological Surv.</u>, No. 20-5035 , 2021 WL 1823300, at *4 (D.C. Cir. May 7, 2021).....................................5

**Stone v. INS,* 514 U.S. 386 (1995)……………………………………………9

*U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).............................................5

*U. S. DOJ v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773 (1989)..........8
correction

# TABLE OF AUTHORITIES

**Cases**
Cases marked with * are chiefly relied upon

*Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 135 (D.D.C. 2008)..................6

*Berger v. United States,* 295 U.S. 78, 88 (1935).............................................................8

<u>Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.</u>, No. CV 19-1552 (ABJ) 2021 WL 1749763, at *14 (D.D.C. May 3, 2021)..................................................5,6

*Gonzalez v. Barr,* 2019 WL 1785492 (7th Cir. 2019)..........................................7

*Grace v. Whitaker,* 344 F. Supp. 3d 96 (D.D.C. 2018)........................................7

Humane Soc'y of U.S. v. Animal & Plant Health Inspection Serv.,

386 F. Supp. 3d 34, 44 (D.D.C. 2019).......................................................6

*Judicial Watch v. Dep't of Commerce*
   375 F. Supp. 3d 93, (D.D.C. 2019)……………………………………...9

*Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986).......................................6

*Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) ............................................5

<u>Pavement Coatings Tech. Council v. United States Geological Surv.</u>, No. 20-5035 , 2021 WL 1823300, at *4 (D.C. Cir. May 7, 2021).....................................5

**Stone v. INS,* 514 U.S. 386 (1995)……………………………………………9

*U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).............................................5

*U. S. DOJ v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773 (1989)..........8

INTRODUCTION

Plaintiff seeks a ruling on the Second Cause of Action, and also on the Fourth Cause of Action, as set forth in the Complaint. Plaintiff is dismissing the First, Third, Fifth, and Sixth Causes of Action.

TRAINING MATERIALS FOR LAWYERS IN THE APPELLATE SECTION OF THE OFFICE OF IMMIGRATION LITIGATION: THE SECOND CAUSE OF ACTION

Plaintiff Louise Trauma Center requested "all records concerning Office of Immigration Litigation training materials for lawyers in the appellate section dated 1-1-19 to the date you begin to process this request." *See* paragraph 2 of "Plaintiff's statement of facts as to which there is no genuine issue," attached hereto. The DOJ received that request in September 2019, but made no response to it within 20 working days. *Id.* at paragraph 3. Only after the Complaint was filed, did the DOJ make a determination.

The DOJ first stated it had located 4,168 pages and 12 videos, which were withheld "in full" because they were protected by three privileges: deliberative process, attorney work-product; and attorney-client. *Id.* at paragraphs 10-12. The DOJ did not mention the word "segregate." The DOJ did not claim it made any effort to segregate anything out of the pages or videos. More time passed; the DOJ modified its position, stating that it relied only on one privilege: "attorney work-product," and stated that nothing could be segregated. *Id.* at paragraphs 13-14.

THE FREEDOM OF INFORMATION ACT IS DESIGNED TO ASSIST THE PUBLIC

The D. C. Circuit recently instructed:

"FOIA protects the basic right of the public to be informed about what their government is up to." *Hall & Assocs. v. EPA*, 956 F.3d 621, 624 (D.C. Cir. 2020) (quoting *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 150 (D.C. Cir. 2016) (internal quotations omitted))."

4

<u>Pavement Coatings Tech. Council v. United States Geological Surv.</u>, No. 20-5035, 2021 WL 1823300, at *4 (D.C. Cir. May 7, 2021).

There are exemptions, but they are construed "narrowly." *Id.* at *4. The "burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). FOIA creates a "strong presumption in favor of disclosure," which "places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)

All "underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citations omitted).

EXEMPTION FIVE SHALL BE CONSTRUED NARROWLY

The D.C. Circuit also recently instructed:

"And it is also clear from our—and Supreme Court—precedent that we are obligated to construe the exemption narrowly and focus on whether disclosure will harm intra-agency candor and efficiency. *Id.* at 1434–35; *see also Milner*, 562 U.S. at 565, 131 S.Ct. 1259 ("[FOIA's] exemptions are explicitly made exclusive, and must be narrowly construed." (internal citations and quotations omitted))"

<u>Pavement Coatings Tech. Council v. United States Geological Surv.</u>, No. 20-5035, 2021 WL 1823300, at *6 (D.C. Cir. May 7, 2021)

A 2016 AMENDMENT TO THE ACT REQUIRES THE AGENCY TO SHOW THAT DISCLOSURE WOULD "HARM AN INTEREST PROTECTED BY" ANY EXEMPTION

5 U.S.C. § 552(a)(8)(A) now requires an agency to show a specific harm if records are disclosed. A declaration that "merely recites the elements of the privilege" is insufficient. <u>Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.</u>, No. CV 19-1552 (ABJ), 2021 WL 1749763, at *14 (D.D.C. May 3, 2021).

5

AT TIMES, HEARSAY EVIDENCE WILL BE INSUFFICIENT

Concerning searches, the law recognizes that there are circumstances when an agency declaration may properly include hearsay. The D.C. Circuit long ago recognized the validity of the affidavit of an individual who supervised a search for records even though the affiant has not conducted the search himself as sufficient for a declarant in a FOIA action. *See Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986); *see also Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 135 (D.D.C. 2008) ("Consistent with these requirements, hearsay in FOIA [search] declarations is often permissible."); *Humane Soc'y of U.S. v. Animal & Plant Health Inspection Serv.*, 386 F. Supp. 3d 34, 44 (D.D.C. 2019) (acknowledging that hearsay is permissible in justifying the adequacy of the search.).

However, as stated in <u>Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.</u>, No. CV 19-1552 (ABJ), 2021 WL 1749763, at *4–5 (D.D.C. May 3, 2021):

> "But courts have not always found hearsay to be sufficient when it is offered to justify the withholding of records based on an exemption. *See Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (district court's grant of summary judgment reversed due to the affiant's lack of personal knowledge of the facts underlying the exemption and his reliance on hearsay); *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 264–65 (D.D.C. 2004) (court struck portions of the agency FOIA Director's declaration due to a lack of personal knowledge and impermissible hearsay). As the court observed in *Humane Society*, "[u]ltimately, it is the Court, not the agency, that must be satisfied with the propriety of a claimed FOIA exemption." 386 F. Supp. 3d at 44."

I. **THE DEPARTMENT OF JUSTICE IS WRONGFULLY RELYING UPON THE ATTORNEY WORK-PRODUCT PRIVILEGE**

The Second Cause of Action of the Complaint, set forth in paragraphs 13-17, concerns plaintiff's request for records "concerning Office of Immigration Litigation training materials for lawyers in the appellate section." Plaintiff made the request in September 2019.

The DOJ made no response for over a year. Plaintiff sent three follow-up emails; but the DOJ only responded after plaintiff filed the Complaint. *see* Declaration of David Cleveland, paragraphs 3-7.  The DOJ responded in February 2021 with the release of 196 pages, and with the statement: "We have 4,168 more pages, and 12 videos, but they are fully exempt, under three privileges." *Id.* at paragraphs 8-11. A few months later, the DOJ modified its position, and stated it was relying only upon one privilege: the attorney work-product privilege. *Id.* at paragraphs 13-14.

The DOJ has not claimed it will suffer harm if the materials are released.

*The Department of Justice did disclose 196 pages of its training; those pages contain court decisions and other general training*

At page 5 of Exhibit 196, attached hereto, begins the decision of the Seventh Circuit in *Gonzalez v. Barr,* 2019 WL 1785492 (7th Cir. 2019). At page 6 of Exhibit 196, begins the decision in *Grace v. Whitaker,* 344 F. Supp. 3d 96 (D.D.C. 2018). At page 8 of Exhibit 196 is a Table of Contents, covering many subjects, such as "Convention Against Torture," and "Motions to Reopen."   At page 9, is a discussion of Ethics.  If these pages can easily be released, then surely more pages can be released.

*The Department of Justice publishes a "Guide to the Freedom of Information Act," which contains case law and litigation considerations; therefore it should publish the training given to the appellate lawyers.*

The Department of Justice website, describes its Guide to FOIA as " *a comprehensive legal treatise on the FOIA. The Guide includes detailed discussions of the FOIA's procedural requirements, nine exemptions, and* <u>litigation considerations.</u> *Each section contains a detailed analysis of the key judicial opinions issued on the FOIA.*" [emphasis added].

www.justice.gov/oip/doj-guide-freedom-information-act-0

The section on Attorney Work-Product Privilege begins at page 48 and goes to page 61.

7

It cites over 100 cases.  For example, footnote 233 provides:

> See ACLU of N. Cal. v. DOJ, 880 F.3d 473, 488-89 (9th Cir. 2018) (recognizing that government need not segregate and disclose factual contents of attorney work product, but finding that where only portions of documents are covered by privilege, non-exempt portions that are not attorney work product may be appropriately segregated); Nat'l Ass'n of Criminal Def. Lawyers v. EOUSA, 844 F.3d 246, 257 (D.C. Cir. 2016) (finding it appropriate to assess whether Blue Book contains non-exempt statements of government's discovery policy that are reasonably segregable from protected attorney work product).

The training given to the appellate lawyers is merely continuing legal education. Material that simply lists case law and recites case holdings is not protected by the attorney work-product privilege.

*The interest of the Department of Justice is not that it shall win a case, but that justice shall be done*

The Department of Justice represents the government, which represents the people of the United States. The Department of Justice's interest "is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88 (1935). The purpose of the Freedom of Information Act is to serve "the citizens' right to be informed about what their government is up to." *U. S. DOJ v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773 (1989). Why shouldn't the people know how the lawyers in the Office of Immigration Litigation are trained? What is being hidden?

*Anything "privileged" in the 2019-2020 training materials has already been made public in court filings*

The DOJ has litigated cases, and filed briefs, in 2019 and 2020. Therefore, its litigation positions are known. The purposes of the work-product doctrine would not be served by withholding the records.

8

*The FOIA Improvement Act of 2016 added another provision about segregability*

Before the 2016 amendments, section 552(b), last ¶, provided:

"Any reasonably segregable portion of a record shall be provided to any person…"

The 2016 amendment added sub-section 552 (a)(8):

"An agency shall . . . (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible . . . and (II) take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii).

Thus, the current law requires agencies to segregate, not in just one section, but in two sections. This shows that Congress was serious about the duty to segregate.

This sub-section must be given effect. *See Stone v. INS*, 514 U.S. 386, 397, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.").

The DOJ has made no effort to segregate anything out of the 4,000 pages and the 12 videos.

*The DOJ will not suffer any harm if the records are disclosed*

The FOIA Improvement Act of 2016 added another sub-section: 5 U.S.C. § 552(a)(8)(A). This amendment allows an agency to withhold a record only if the agency "reasonably foresees harm" upon disclosure. This amendment imposes a "meaningful and independent burden" on agencies. *Judicial Watch v. U.S. Dep't of Commerce,* 375 F. Supp. 3d 93, 100 (D.D.C. 2019). This new sub-section changes the law: even if a record is otherwise exempt, it still must be disclosed, unless the agency can show it will suffer "harm" upon release. The fact that the DOJ voluntarily publishes "litigation considerations" in its FOIA webpage shows that it suffers no harm in that arena.  If it suffers no harm there, it will suffer no harm here.

## II. THE DEPARTMENT OF JUSTICE HAS NOT CONDUCTED A REASONABLE SEARCH FOR RECORDS CONCERNING STUDIES AND ANALYSES DONE IN RESPONSE TO THE FOIA IMPROVEMENT ACT OF 2016

The Fourth Cause of Action, begins at ¶ 23 of the Complaint, ECF. No. 1. Plaintiff requested records "concerning studies, analyses, etc. concerning harm that an agency reasonably foresees upon disclosure of documents, mentioned in the FOIA Improvement Act of 2016, dated from 6-1-15 to the date you begin to process this request." The DOJ received that request in May 2020. The DOJ did not make a final determination within 20 working days. Plaintiff filed the Complaint; DOJ stated in its Answer, ECF # 9, paragraph 29, that it still had not made a final determination.

The DOJ did make a final determination on January 28, 2021, when it stated it could locate no responsive records. ECF # 13.

*The Department of Justice search for records was inadequate.*

There must be some records concerning "studies, analyses, etc. concerning harm that an agency reasonably foresees upon disclosure of documents, mentioned in the FOIA Improvement Act of 2016."

The FOIA Improvement Act of 2016 changed the law. It imposed significant new burdens upon the government. When Congress imposes new duties upon an agency, the agency must comply. It must examine its current practices, and take steps to comply with the new mandate. It must "study" and "analyse" the situation, and determine how to comply. An agency that does nothing in response to an Act of Congress is saying, in essence, "Congress has wasted its time. We shall ignore what Congress did."

It is impossible that the Department of Justice did nothing in response to the new law. There must be records. The agency should be ordered to search again.

**CONCLUSION**

The DOJ will suffer no harm if training materials are released. The DOJ must search again concerning its response to the new law. The Court should grant summary judgment in favor of the plaintiff on the Second and Fourth Causes of Action.

                                          Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   1949.david@gmail.com

11

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE TRAUMA CENTER LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20cv3517 (RC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Summary Judgment, and for good cause shown, it is hereby:

    ORDERED: the motion is GRANTED.

Dated:_____

_____
United States District Court Judge