UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-CV-3517 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S CROSS-OPPOSITION TO DOJ CROSS-MOTION
FOR SUMMARY JUDGMENT**

      Plaintiff, Louise Trauma Center, now files this Cross-Opposition to DOJ's Cross-Motion for Summary Judgment ]ECF #17].

Dated: August 4, 2021

                                            Respectfully Submitted,

                                            *s/ David L. Cleveland*
                                            David L. Cleveland
                                            Attorney for Plaintiff
                                            DC Bar # 424209
                                            1220 L Street NW #100
                                            Washington, DC 20005
                                            [202] 812-8684   <1949.david@gmail.com>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-cv 3517 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**                                              Page

Table of Cases and Other Authorities……………………………………………3

INTRODUCTION……………………………………………………………….4

ARGUMENT

II-B. The Department of Justice Did not Properly Apply Exemption 5..................4

    A. Attorney training material is not fully protected by Exemption 5............4

    B. No actual harm will result if the training material is released..................5

    C. The DOJ has not explained why it cannot segregate and disclose more...6

III.  The Department of Justice Search Was Inadequate.............................................6

    C. Plaintiff's request does describe the records..............................................6

    B. The DOJ search was inadequate.................................................................6

CONCLUSION……………………………………………………………....…8

**TABLE OF AUTHORITIES**

**Cases**   Cases marked with * are chiefly relied upon

*Heggestad v. U.S. Dept. of Justice,* 182 F. Supp. 2d 1 (D.D.C. 2000)....................................5.

*Inhabitants of Montclair Twp. v. Ramsdell,* 107 U.S. 147, 152 (1883)..................................7

*Nat'l Ass'n of Crim. Defense Lawyers v. Dept of Justice EOUSA*
        844 F.3d 246, 256–57 (D.C. Cir. 2016). ......................................................................6

*Nat'l Wildlife Fed. v. U.S. Forest Serv.,* 861 F.2d 114 (9th Cir. 1988).............................. .......4

*\*Pavement Coatings Tech. Council v. U.S. Geological Survey,*

        2021 WL 1823300 (D.C. Cir. May 7, 2021)................................................................5

*\*Reps. Comm. for Freedom of the Press v.  Fed. Bureau of Investigation,*
        2021 WL 2753938 (D.C. Cir. July 2, 2021)............................................................5,8

INTRODUCTION

Plaintiff seeks a ruling on the Second Cause of Action, and also on the Fourth Cause of Action, as set forth in the Complaint.

THE SECOND CAUSE OF ACTION: TRAINING MATERIALS FOR LAWYERS

Plaintiff Louise Trauma Center requested "all records concerning Office of Immigration Litigation training materials for lawyers in the appellate section. dated 1-1-19 to the date you begin to process this request." The DOJ stated it had located 4,168 pages and 12 videos, which were withheld "in full" because they were protected by three privileges: deliberative process, attorney work-product; and attorney-client.

**II-B. The Department of Justice did not Properly Apply Exemption 5**

a. <u>Attorney training material is not fully protected by Exemption 5</u>

The DOJ argues that the attorney training materials are "within the predecisional, deliberative process protection of Exemption 5." [at page 20 of ECF # 17]. The DOJ cites paragraph 9 of the Kravitz declaration, in support. But, that paragraph is conclusory and vague. It refers to "pre-decisional discussions" in the fourth sentence. But, we are not told what "decision" is involved, such that there were "pre-decisional" activities. We are not told what "discussions" are set forth in the materials. Who is discussing what, with whom? Is a subordinate official giving an opinion to a senior official? We are not told. It is more likely that the training materials are a one-way lecture: the teacher sets forth summaries of the law.

The DOJ cites *Nat'l Wildlife Fed. v. U.S. Forest Serv.,* 861 F.2d 114 (9th Cir. 1988) for the proposition that reports containing opinions and recommendations aimed at improving the agency's activities were predecisional. But the DOJ does not claim that any of the 125 withheld documents contain recommendations about improving activities. There is no "decision" that

4

followed the allegedly "predecisional" records. Mr. Kravitz does not claim that there are "recommendations" in the training materials.

The DOJ claims that the documents are "solidly within the protection of the attorney work product doctrine," citing *Heggestad,* 182 F. Supp. 2d at 8.  But that case involved recommendations for the prosecution of a real case, concerning the Reverend Moon. It did not deal with attorney training.

Months ago, Plaintiff argued in ECF #14, at 8: "The training given to appellate lawyers is merely continuing legal education. Material that simply lists case law and recites case holdings is not protected by the attorney work-product privilege." The DOJ did not respond to this.

      b.  <u>No actual harm will result if the training materials are released</u>

The DOJ argues that disclosure would "inhibit" the lawyers from doing their duties. ECF # 17, at 21. But, the declaration of Mr. Kravitz does not establish this. His declaration is vague and conclusory. In *Pavement Coatings v. US Geological Survey,* 995 F.3d 1014, 1023 (D.C.Cir. 2021) the agency argued that disclosure "would discourage candid discussion." The Court ruled against the agency, because the agency "does not explain how, if the model runs are disclosed, scientists will cease to conduct model runs in the future or do them differently."  So too in the instant case: Mr. Kravitz does not explain how the trainers would behave differently in the future.

The agency must show that disclosure would "actually impede" the agency going forward. *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation,* 2021 WL 2753938, *12 (D.C.Cir. July 2, 2021).  The agency must show the link between the "specified" harm and the "specific information" in each document. *Id.* at *11.  The DOJ has failed to make this showing.

5

      c.  <u>The DOJ has not explained why it cannot segregate and disclose more</u>

The DOJ argues that work-product material is "wholly exempt" from disclosure, hence there is no segregable portion to release. ECF # 17 at 22. This rule has many exceptions. For example, in *Nat'l Ass'n of Crim. Def. Laws. v. Dep't of Justice,* 844 F.3d 246, 256-5 (D.C.Cir. 2016), a Blue Book of instructions, more than 500 pages in length, was at issue. The Court held that long documents usually have segregable sections; the case was remanded to the lower court. In the instant case, we have over 4,000 pages, which is eight times more lengthy than the Blue Book. Certainly there are segregable portions in the 4,000 pages.

### III. THE DEPARTMENT OF JUSTICE SEARCH WAS INADEQUATE

#### C.  <u>Plaintiff's request does describe the records</u>

The DOJ argues that Plaintiff's request for "all records concerning studies...concerning the [foreseeable harm standard]" is "vague." ECF # 17 at 27. But, Mr. Kravitz, who did the search, did not claim the request was vague. He searched, and declared he found nothing. ECF # 17-2, at paragraphs 4 and 5.

#### B. <u>The DOJ search was inadequate</u>

The DOJ argues its search was adequate. ECF # 17 at 30. The Civil Division did a search and found nothing. That division defends the Department in litigation; if studies or analyses were done anywhere in the Department, those studies would be forwarded to the Civil Division. If OIP did studies, certainly those studies would have been forwarded to the Civil Division.  The OIP did provide some documents to the plaintiff; however, the OIP had no "studies or analyses."

*The DOJ apparently admits  it did no studies or analyses whatsoever in response to the FOIA Improvement Act of 2016.*

At note 5, at page 31 of ECF # 17, the DOJ writes:

Defendant explained to Plaintiff that DOJ's analysis and guidelines regarding the foreseeable harm standard were actually created in 2009, and that the FOIA Improvement Act of 2016 merely codified the already-existing DOJ standard. Def. Ex. 3. Thus, the documents requested actually pre-existed the Act (and are outside of the time frame requested by Plaintiff). Defendant even directed Plaintiff to those pre-Act records, which were publicly available.

In other words, the burdens imposed on agencies did not change in 2016, according to the DOJ. If there is no change, there would be no need to study or analyze, reasons the DOJ.

But this is impossible. There must be some records concerning "studies, analyses, etc. concerning harm that an agency reasonably foresees upon disclosure of documents, mentioned in the FOIA Improvement Act of 2016." An agency that does nothing in response to an Act of Congress is saying, in essence, "Congress has wasted its time. We can ignore what Congress did."

Congress believed it was changing the law. Why did Congress believe that? If the DOJ really believes that Congress was wasting its time, the DOJ should explain why. The DOJ should study and analyze why Congress was holding hearings, publishing committee reports, and going through the time-consuming process of getting legislation enacted.

"It is the duty of the court to give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." <u>Inhabitants of Montclair Twp. v. Ramsdell</u>, 107 U.S. 147, 152, 2 S. Ct. 391, 395, 27 L. Ed. 431 (1883). That is also the duty of the DOJ.

The DC Circuit believes that Congress intended its amendment to have "real and substantial effect." The Circuit does not believe Congress "was ignorant of the meaning of the language it employed."

"In 2016, Congress enacted the FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016). That legislation implemented several changes to FOIA that were designed to increase the availability of government records to the public. H.R. Rep. No. 391, 114th Cong., 2d Sess. 1, 7–8 (2016); S. Rep. No. 4, 114th Cong., 1st Sess. 2–5 (2015). "

Reporters Committee for Freedom of the Press v. Fed. Bureau of Investigation, No. 20-5091, 2021 WL 2753938, at *1–2 (D.C. Cir. July 2, 2021).

It is impossible that the Department of Justice would disagree with Supreme Court and Circuit precedent. The FOIA Improvement Act of 2016 must have provoked a response inside the Department of Justice. The Department should be ordered to search again.

**CONCLUSION**

The DOJ will suffer no harm if training materials are released. The DOJ must search again concerning its response to the new law. The Court should grant summary judgment in favor of the plaintiff on the Second and Fourth Causes of Action.

Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   1949.david@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20cv3517 (RC) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion for Summary Judgment, and for good cause shown, it is hereby:

  ORDERED: the motion is DENIED.

Dated:_____

_____
United States District Court Judge