UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-CV-3517 (RC) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DOJ MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, Louise Trauma Center, now files this Opposition to DOJ's Motion for Summary Judgment ]ECF #28]. Plaintiff files its Cross-Motion for Summary Judgment, and a Memorandum of Points and Authorities in support.

Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684  <1949.david@gmail.com>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv 3517 (RC) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**          Page

INTRODUCTION………………………………………………….…….3

ARGUMENT.........................................................................................3

I. The Materials Are Not Protected by the Deliberative Process Privilege.............3

II. The Materials Are Not Protected by the Attorney Client Privilege...................7

III. Some of The Materials Are Not Protected by the
    Attorney Work Product Doctrine.......................................................9

IV.  Summary Judgment Should Be Rendered In Favor Of Plaintiff......................22

CONCLUSION……………………………………………………….....22

INTRODUCTION

Plaintiff seeks more disclosure of documents concerning Office of  Immigration Litigation training materials for lawyers in the appellate section. The DOJ has not sufficiently justified its withholdings.

## I. THE MATERIALS ARE NOT PROTECTED BY THE DELIBERATIVE PROCESS PRIVILEGE

To withhold a document as deliberative, pre-decisional material, the agency must demonstrate that the information withheld is "both pre-decisional and deliberative." *Louise Trauma Center LLC v. Dep't of Justice,* 2022 WL 278771 at *7 (D.D.C. January 30, 2022). A document is "pre-decisional" when it is "prepared in order to assist an agency decision maker in arriving at his decision,"*Id.,*and is "deliberative" when it "reflects the give-and-take of the consultative process." *Id.*.

The Department of Justice [DOJ] filed a Memorandum of Points and Authorities, ECF # 28, but that document does not describe any decision, nor any decision maker. ECF # 28 does not identify any persons who  participated in a "give-and-take."

ECF # 28-1, "Defendant's Statement of Material Facts," Paragraph 12,  does not describe any decision or decision maker. #28-1 does not identify any persons who participated in a "give-and-take."

ECF # 28-2 is a declaration from Elizabeth A. Wood. She states at paragraph 8 that disclosing information protected by the deliberative process privilege "would inhibit pre-decisional discussions." However, she does not describe any decision or decision maker. She does not identify any persons who participated in a "give-and-take."

ECF # 29-1 is the Updated Vaughn Index. It mentions the deliberative process privilege several times, but nowhere does it identify any "decision maker." Nowhere does it identify persons who may have participated in a "give-and-take."

At the bottom of page 2 of 51, of the Vaughn Index, the last sentence states:

"RIP Page 29: "Concluding Observations" – attorney work product privilege and deliberative process privilege asserted for OIL attorney's non-final view on specific standards and the government's abilities when it comes to standard of review"

This sentence is insufficient. It does not claim there is a "decision," or that there is a "decisionmaker."  It does not claim anyone participated in a "give-and-take."

At page 4 of 51, concerning Particular Social Groups, it says "deliberative process privilege asserted as these are not reflective of final agency decisions." That same phrase is repeated in the next box.

This explanation is insufficient.

At page 5, it says:

"deliberative process privilege also asserted as these viewpoints do not reflect final agency decisions and determinations but rather a starting point for analyzing the litigations"

This explanation is insufficient.

At the top of page 6, it says

"deliberative process privilege also asserted as these opinions/views are not final agency determinations"

"deliberative process privilege also asserted as these are the viewpoints of the presenter and not final agency determinations"

4

> "deliberative process privilege also asserted as
> these two thoughts are not final agency determinations
> related to immigration admission issues"

This explanation is insufficient.

> At page 7 is stated:

> "deliberative process privilege
> asserted as well because these are not final agency
> determinations but rather the views of the attorney
> representing the material"

This explanation is insufficient.

> At page 8 is stated:

> "All WIF pages also assert deliberative process
> privilege as they are the viewpoints of the attorney
> presenting and not final agency determinations on the
> issues"

This explanation is insufficient.

DOJ asserted the deliberative process privilege many more times in the Vaughn Index, including at pages 9. 10, 11, 12, 20, 21, 22, 23, 29, 32, 35, 36, 40, 45, 49, and 51. Each of these explanations is insufficient.

Earlier, the Court admonished and warned the DOJ that its explanations were insufficient. *LOUISE TRAUMA CENTER, LLC v. DEPARTMENT OF JUSTICE,*, 2022 WL 278771, (D.D.C., January 30, 2022). For example, the agency must show " the nature of the decisionmaking authority vested in the document's author and recipient." Id. at *7.  The agency must "pinpoint an agency decision or policy." Id. at *8.

The DOJ failed to do so.

Materials could be deliberative if there were "give-and-take conversations." Id. at *8. But the DOJ does not make this showing.

If a subordinate makes a recommendation to his superior, that may be predecisional. But, when the senior instructor gives a lecture, it is a one-way presentation: Do what I say! The instructor is imparting policies "that new attorneys are expected to follow." Id. at *8. There is no recommendation for a future decision.

Earlier, this Court opined: "The deliberative process privilege does not usually extend to training materials because "training is not a step in making a decision; it is a way to disseminate a decision already made." Id. at *8. The DOJ cites no case law to the contrary.

Even if the deliberative process privilege does apply, the DOJ has made no real showing of harm that would result upon disclosure.

*Even if the materials are protected by the deliberative process privilege, there has been no showing of foreseeable harm*

An agency "must identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials and connect the harms in a meaningful way to the information withheld." *Rosenberg v. US Dep't of Def.* 442 F. Supp. 3d 240, 259 (D.D.C. 2020) (internal quotation marks omitted). Mere speculation about potential harm or boilerplate justifications are insufficient. *Jud. Watch, Inc. v. U.S. Dep't of Com.,* 375 F. Supp. 3d 93, 100 (D.D.C. 2019). The DOJ devotes only three generic sentences to show such harm, for all three privileges, at ECF # 28, pages 16-17 of 22. This is insufficient. The Declaration of Elizabeth Wood, ECF #28-2, at paragraph 8, also sets forth just a few generic sentences for the privileges. Paragraph 8 is an "umbrella" paragraph: a generalized statement purporting to cover a great deal of material. Such paragraphs are disapproved of: *Reporters Com. v. FBI,* 3 F.4th 350, 370 (D.C.Cir. 2021)("The FBI's broad assertion of foreseeable harm from release of the records under its control was contained in just two "umbrella paragraphs" that

purported to sweepingly address "*all* of the deliberative information in the case." Gov't Br. 38. But the assertion of harm in those umbrella paragraphs is wholly generalized and conclusory, just mouthing the generic rationale for the deliberative process privilege itself.")

## II. **THE MATERIALS ARE NOT PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE**

DOJ filed a Memorandum of Points and Authorities, ECF # 28, asserting that the attorney-client privilege can protect disclosures from a client to a lawyer, for the purpose of obtaining legal advice. There needs to be a "client." But #28 does not identify who the client might be. #28 does not claim that someone is seeking legal advice.

ECF # 28-1, "Defendant's Statement of Material Facts," at Paragraph 12, does refer briefly to the attorney client privilege. But, it does not state who the client is, or if someone is seeking legal advice.

ECF # 28-2 is a declaration from Elizabeth A. Wood. She states at paragraph 8 that there is a work-product doctrine, and a deliberative process privilege. She does not mention "attorney-client" privilege. She does not explain who prepared the Vaughn Index.

ECF # 29-1 is the Updated Vaughn Index. It mentions the attorney client privilege several times, but nowhere does it identity a client. Nowhere does it claim that someone is seeking legal advice. Nowhere does it claim a client "confidentially communicated facts."

At page 8 of the Vaughn Index, at the last sentence, it says

WIF Page 9, 33: "Categorical Approach Realistic Test
on Burglary" – attorney client privilege asserted for
guidance on how to argue specific elements and the
perceived differences in those elements, and the
possible documents needed to support the arguments

This is insufficient. This explanation does not identify a client; nor does it claim that a

client "confidentially communicated facts."

At page 17 it is stated:

RIP Pages 9, 17, 20, 24, 27, 29, 30, 32, 35, 38, 41, 42
46, 48, 51, and 55: Various answers to questions
posed and reference to specific rules – attorney client
privilege asserted in that the redacted material
provides legal advice to DOJ attorneys in complying
with their professional responsibility obligations.

This is insufficient. This explanation does not claim that a client "confidentially

communicated facts."

At page 51, it is stated:

Attorney-client privilege is also asserted because
PRAO is ethics counsel to DOJ attorneys and the
redacted material provides legal advice in complying
with the DOJ attorneys' professional responsibility
obligations.

This is insufficient. This explanation does not claim that a client "confidentially

communicated facts."

Earlier, the Court admonished and warned the DOJ that its explanations were

insufficient. *LOUISE TRAUMA CENTER, LLC v. DEPARTMENT OF JUSTICE,*, 2022 WL

278771, (D.D.C., January 30, 2022). For example, the agency must show there was a "fact of

which the attorney was informed by his client, outside the presence of strangers, for the purpose

of securing legal advice." Id. at *9.  The DOJ has made no such showing.

If the material contains "factual particularities conveyed in a typical confidential

communication by a client," the privilege might apply. Id. at *9. But the DOJ has made no

showing of that.

*Even if the materials are protected by the attorney client privilege, there has been no showing of foreseeable harm*

An agency "must identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials and connect the harms in a meaningful way to the information withheld." *Rosenberg v. US Dep't of Def.* 442 F. Supp. 3d 240, 259 (D.D.C. 2020) (internal quotation marks omitted). Mere speculation about potential harm or boilerplate justifications are insufficient. *Jud. Watch, Inc. v. U.S. Dep't of Com.,* 375 F. Supp. 3d 93, 100 (D.D.C. 2019). The DOJ devotes only three generic sentences to show such harm, for all three privileges, at ECF # 28, pages 16-17 of 22. This is insufficient. The Declaration of Elizabeth Wood, ECF #28-2, at paragraph 8, also sets forth just a few generic sentences, but she does not mention the attorney client privilege.

## III. SOME OF THE MATERIALS ARE NOT PROTECTED BY THE ATTORNEY WORK PRODUCT DOCTRINE

DOJ filed a Memorandum of Points and Authorities, ECF # 28, asserting that the attorney work product doctrine extends to documents that address challenges to be mounted "against a proposed program." ECF # 28, at page 13 of 22.  But the DOJ does not identify any program.

ECF # 28 states that "neutral recitation of legal rules, case law, or office policy" should be disclosed, but that "more pointed documents," dealing with specific investigations, are exempt from disclosure. *Id.* But the DOJ does not identify any investigations. The DOJ does not explain the difference between "neutral recitation of legal rules" and "more pointed documents."

ECF # 28-1, "Defendant's Statement of Material Facts,"  Paragraph 12 refers briefly to a declaration from Ms. Wood, and to "training material" that contains "interpretation of statutes and court opinions." But #28-1 does not mention "specific investigations," nor does it mention

"proposed programs." It does not explain the difference between "neutral recitation of legal rules" and "more pointed documents."

ECF # 28-2 is a declaration from Elizabeth A. Wood. She states at paragraph 8 that disclosure of work-product material "would inhibit government attorneys." She does not mention "investigations" or "programs." She does not say who prepared the Vaughn Index. She does not explain what is a "neutral recitation of legal rules" and what is not. She does not explain what is a "legal strategy" and what is not.

ECF # 29-1 is the Updated Vaughn Index. It mentions the work product doctrine several times, but often its description of particular paragraphs is insufficient.

Earlier, the Court admonished and warned the DOJ that its explanations were insufficient. *LOUISE TRAUMA CENTER, LLC v. DEPARTMENT OF JUSTICE,*, 2022 WL 278771, (D.D.C., January 30, 2022). For example, the Court stated: "But nothing in the Index discusses a DOJ policy or program that might be challenged, rather, the potential litigation DOJ alludes to appears to be appeals of routine removal cases." Id. at *5. The DOJ still does not mention a policy or program that might be challenged. The DOJ does not claim the materials are aimed at special, non-routine removal cases.

The Court suggested that materials that advised "how to respond to the other side's arguments," and "which cases to cite," could be protected by the attorney work product privilege. Id. at *5. But the DOJ does not argue along these lines. The Court noted that "litigation strategies" could be protected. Id. at *5. The phrase "litigation strategies" suggests responses to a scenario: if opposing counsel argues X, then you should argue Y. If the Judge suggests X, then you should argue Y. But in the paragraphs challenged by the plaintiff, the DOJ does not argue along those lines.

The Court acknowledged that although appellate courts have declared that attorney training materials can be protected by the work-product doctrine, the reasoning of those courts should not be applied "too broadly." Id. at *5. A broad reading of those cases is inconsistent both with the statutory purpose of FOIA and the longstanding values of justice in the United States." Id.

PLAINTIFF CHALLENGES MANY OF THE ASSERTIONS OF THE DOJ

Plaintiff challenges many of the following assertions of the work product doctrine:

1. *Materials that state the instructor's "viewpoint" are not protected by the work-product privilege.*

All instructors have "viewpoints." All instructors state what they believe the law is. It is their "viewpoint" that X is the law. Department of Justice lawyers do not try to "win" cases. They try to achieve justice. If justice is done, they "win." Their viewpoints should be disclosed.

At page 2 of the Vaughn Index, it states:

RIP Pages 8-10: "What's new in Matter of A-B, 27 I.&N. Dec. 316 (A.G. 2018)?"; "Government Role in Matter of A-B"; and "History of condoned/complete helplessness"– attorney work product privilege asserted for attorney's viewpoint on the government's role post Matter of A-B, as well as specific language cited from the case the attorney considers important.

This is insufficient. It identifies no program. It identifies no specific investigation. It does not claim to involve any "strategy." It appears to be general instructions for routine cases. It does not advise "how to respond to the other side's arguments." It does not suggest how to respond to any particular scenario, for example, "if opposing counsel argues X, then you should argue Y."

The materials state an "attorney's viewpoint" on a case and "specific language" from the case. This is merely a statement of what the law is: it is close to a "neutral recitation of a rule."

All instructors have "viewpoints." Stating that the material reflects the author's "viewpoints" is saying nothing.

2. *Materials that state an instructor's "analysis," "view," or "thoughts," are not protected.*

There is no real difference between viewpoints, views, analysis, or thoughts. Whenever an instructor is discussing a case, he gives his analysis, thoughts, and views. When those words are used in the Vaughn Index, without more, the Court should deem the explanation insufficient. For example, at page 2 of the Index, it also states:

> RIP Pages 8-10: "What's new in Matter of A-B, 27 I.&N. Dec. 316 (A.G. 2018)?"; "Government Role in Matter of A-B"; and "History of condoned/complete helplessness"– attorney work product privilege asserted for attorney's viewpoint on the government's role post Matter of A-B, as well as specific language cited from the case the attorney considers important.

This is insufficient.

Also at page 2 it states:

> WIF Pages 12-13: "Condoned/complete helplessness" – attorney work product asserted for the attorney's analysis of decisions related to conducted and complete helplessness elements post decision in Matter of A-B and what conduct would constitute this when arguing similar cases

This is insufficient.

Also at page 2, it states:

RIP Page 29: "Concluding Observations" – attorney
work product privilege and deliberative process
privilege asserted for OIL attorney's non-final view on
specific standards and the government's abilities when
it comes to standard of review

This is insufficient.


INDEX PAGE 3 PARAGRAPHS

At page 3 of the Index are more paragraphs, which use words such as "view," "thoughts,"

and "viewpoints." The explanation for each paragraph, therefore, is insufficient:

First paragraph:

WIF Page 1: "PSGs can't be defined" – attorney work
product privilege asserted for attorney's view on how
protected social groups can or can't be defined and
how that affects a case

Second paragraph:

RIP Pages 2-3: "Outline" and "A-B said" – attorney
work product asserted for attorney's thoughts on the
important issues covered in the training and how those
will be impacting future litigation

Third paragraph:

WIF Pages 6-7: "Circularity" issues – attorney work
product privilege asserted for attorney's viewpoints on
the issues with circularity when forming an argument
in litigation and the possible outcomes

Fourth paragraph:

RIP Page 8: "True, the AG remanded A-B" – attorney
work product privilege asserted for the attorney's
thoughts on the issues that came from remanding A-B
and how to address those issues in future litigation

Sixth paragraph:

RIP Page 23: "So talk like a lawyer" – attorney work product privilege asserted for attorney's viewpoint on what phrases are effective in forming an argument in PSG cases in litigation

PAGE 4 PARAGRAPHS

At page 4 of the Index are more paragraphs, which use words such as "view," "analysis," and "what the attorney feels." The explanation for each paragraph, therefore, is insufficient:

First full paragraph:

RIP Page 4: "Immutability" – attorney work product privilege asserted for presenter's view on which immutability arguments are strongest

Second paragraph:

RIP Pages 11-13: "Matter of A-B: what it did do" – attorney work product privilege asserted for attorney's analysis of the criteria from Matter of A-B and how the criteria should be interpreted in litigations

Third paragraph:

WIF Pages 14-18: "What A-B didn't do" – attorney work product privilege asserted for analysis of categorical rules and their impact on litigations which present issues of protected social groups, as well as common protected social groups claims and the weaknesses of those claims; deliberative process privilege asserted as these are not reflective of final agency decisions

Fourth paragraph:

> RIP Pages 1-2: "What We'll Cover" – attorney work product privilege asserted for questions that attorney feels should be addressed and analyzed when handling post Matter of A-B cases and how to brief the same issues when drafting court filings; deliberative process privilege asserted as these are not final agency decisions

PAGE 5 PARAGRAPH

At page 5 of the Index is a paragraph using the word "views." The explanation for that paragraph, therefore, is insufficient:

> Page 15: "What about pro se litigants?" – attorney work product privilege asserted for attorney's views on how to assess pro se litigants and handling how the record is developed in those litigations; deliberative process privilege also asserted as these viewpoints do not reflect final agency decisions and determinations but rather a starting point for analyzing the litigations

PAGE 7 PARAGRAPHS

At page 7 of the Index are two paragraphs using the word "views,." The explanation for those paragraphs, therefore, is insufficient:

> WIF Pages 9, 36, 58, and 75: Fact Patterns of Specific CAT Case – attorney work product privilege asserted for pending litigation facts and issues that the attorney views as important for defending statutory grounds for denial of withholding removal

> RIP Page 29: "Severity of Harm" – attorney work product privilege asserted for attorney's view on what courts have found severity of harm issues to be torture and arguing those in court

> = = = = = = = = = = =

Also at page 7 are more paragraphs that do not use the word "view" or "analysis." Those paragraphs do not claim to have "litigation strategy" in them. The explanation for those paragraphs, therefore, are insufficient:

> RIP Page 34: "Briefing Tips" – attorney work product privilege asserted for information on how to brief constitutional claims cases for a favorable outcome of the government; deliberative process privilege asserted as well because these are not final agency determinations but rather the views of the attorney representing the material

> WIF Pages 41-57: "Circuit Splits" – attorney work product privilege asserted for how various circuit courts handle different arguments and which arguments are the strongest for the government in litigating CAT cases

> = = = = = ==

> A paragraph at page 12:

> RIP: "Government Role Element in Persecution" – attorney work product privilege asserted for section of the page regarding examining the evidence and condoned/complete helplessness, as it contains questions and issues that attorneys should take into consideration when evaluating certain evidence related to litigations and persecutions

> This paragraph is insufficient.

> SEVERAL PARAGRAPHS AT PAGE 16

Several paragraphs on page 16 use the word "thoughts," and "viewpoints." Those explanations are insufficient:

> RIP Pages 8, 9, 10: "Delineation"; "Independent Existence" – attorney work product privilege asserted for attorney's thoughts on the questions and issues that arise when addressing delineation and independent existence in PSG litigation

RIP Page 12 and 17: "Matter of A-R-C-G" – attorney
work product privilege asserted for attorney's
thoughts on the outcome of Matter of A-R-C-G and
those implications on requirements of future
litigations

WIF Page 30: "Future" – attorney work product
privilege asserted on attorney's thoughts for the future
of protected social groups and those that might or
might not fall under the category in the future

RIP Page 31 and 39: "Takeaways" - attorney work
product privilege asserted for the attorney's thoughts
on what is most important to remember when handling
these types of cases

RIP Pages 34 and 35 and WIF Page 36: "Pre- and
Post- L-E-A-II" – attorney work product privilege
asserted for the viewpoints of the presenter on L-E-A-
II and what will be important before and after the case
is decided and how that decision will impact future
similar litigations, as well as the implications on
particular social groups

= = = = = = = =

SEVERAL PARAGRAPHS AT PAGE 26

Several paragraphs at page 26 use the words "thoughts," "viewpoints," and what the
attorney "believes." The explanations for those paragraphs are insufficient.

RIP Pages 12, 15, 25, and 26: "Categorical Analysis
Identifying the Elements/Criteria" – attorney work
product asserted for attorney's thoughts on specific
arguments to use to be successful in identifying
elements in criminal litigations

RIP Pages 28, 30, 33, and 34: "Divisibility Analysis"
– attorney work product privilege asserted for
attorney's thoughts on the divisibility analysis, how
the statutes impact it and how to argue the analysis in
these specific litigation cases RIP Pages 36, 39, and
41: "Modified Categorical Analysis" – attorney work
product privilege asserted for attorney's viewpoints on
the modified categorical analysis and the best ways to
argue the analysis in litigation cases as well as what
applies and might not apply depending on the facts of
the case

WIF 22 and 23: "Categorical Analysis for Matching
Elements" – attorney work product privilege asserted
for what the presenter believes needs to be present for
a categorical analysis post specific cases and arguing
those elements in litigation

TWO PARAGRAPHS AT PAGE 35

Two paragraphs at page 35 use the words "views" and "thoughts," "viewpoints," and

what the attorney "believes." The explanations for those paragraphs are insufficient.

RIP Pages 17 and 18: "Dispositive Motions" –
attorney work product privilege asserted for attorney's
views on the strongest arguments and ways to form
those arguments when dealing with dispositive
motions

RIP Pages 21-22: "Admission Issues in Litigation
Generally" – attorney work product privilege asserted
for presenter's thoughts on issues that can and might
be presented in litigations related to admission of
immigrants and how to utilize statutory interpretation
to OIL's advantage in those cases; deliberative process
privilege also asserted as these are the viewpoints of
the presenter and not final agency determinations

TWO PARAGRAPHS AT PAGE 42 USE THE WORDS "VIEWS" AND "THOUGHTS"

Two paragraphs at page 42 use the words "views" and "thoughts." The explanations for those paragraphs are insufficient.

> RIP Page 41 and 45: "Impact of Past Persecution" – attorney work product privilege asserted for issues and attorney's views on the impact of past persecution and how that might impact an argument on the case, as well as how client agencies might react to suggesting of making the argument

> RIP Page 48 and 49: "Relevancy" and "Timing" – attorney work product asserted for attorney's thoughts on the burden of proof for relevancy and the timing of application, including what to be aware of related to these two issues

ONE MORE PARAGRAPH AT PAGE 42 DOES NOT USE THE WORDS "VIEWS" AND "THOUGHTS"

One paragraph at page 42 does not use the words "views" and "thoughts. The explanations for that paragraph are insufficient.

> RIP Pages 55, 57-63: Demeanor, Candor, Responsiveness, Implausibility, and Mental Competency – attorney work product privilege asserted for defensibility of these elements and how certain circuit courts might handle the defensibility of such

A PARAGRAPH AT PAGE 45 USES THE WORD "THOUGHTS"

A justification relying on "thoughts" is insufficient.

> RIP "Admission Issues in Litigation Generally" – attorney work product privilege asserted for presenter's thoughts on issues that can and might be presented in litigations related to admission of immigrants and how to utilize statutory interpretation

to OIL's advantage in those cases; deliberative process privilege also asserted as these are the viewpoints of the presenter and not final agency determinations

PROFESSIONAL RESPONSIBILITY ADVISORY OFFICE TRAINING POWERPOINT, 127 PAGES, IS DESCRIBED AT PAGES 50-51 OF THE INDEX:

The following description is insufficient:

WIF all 127 Pages: "Professional Responsibly Advisory Training PowerPoint" - These pages comprise PRAO's training to DOJ attorneys on how to recognize and analyze professional responsibility issues that may arise in particular situations in which they represent the United States. The training

provides PRAO's legal analysis of professional responsibility questions, with reference to specific situations faced by DOJ attorneys. It includes guidance on recommended conduct and legal arguments to support specific types of conduct or to respond to challenges to that conduct.

Attorney-client privilege is also asserted because PRAO is ethics counsel to DOJ attorneys and the redacted material provides legal advice in complying with the DOJ attorneys' professional responsibility obligations. The work product doctrine protection is asserted because the redacted material conveys advice, strategies, and legal authorities on which DOJ attorneys can rely in anticipation of potential litigation if their conduct is challenged in a case or investigation, or becomes the subject of a bar authority's inquiry, investigation, or complaint. Deliberative process privilege is also asserted because the redacted material reflects tentative recommendations on which agency decisionmakers are free to change their minds.

This explanation is insufficient, because it claims three privileges apply to each section. It "is unlikely that all of the information is equally exempt under all of the alleged exemptions." *Louise Trauma Center, LLC,* 2022 WL 278771, at *4.

*Even if the materials are protected by the work product doctrine, there has been no showing of foreseeable harm*

An agency "must identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials and connect the harms in a meaningful way to the information withheld." *Rosenberg v. US Dep't of Def.* 442 F. Supp. 3d 240, 259 (D.D.C. 2020) (internal quotation marks omitted). Mere speculation about potential harm or boilerplate justifications are insufficient. *Jud. Watch, Inc. v. U.S. Dep't of Com.,* 375 F. Supp. 3d 93, 100 (D.D.C. 2019). The DOJ devotes only three generic sentences to show such harm, for all three privileges, at ECF # 28, pages 16-17 of 22. This is insufficient. The Declaration of Elizabeth Wood, ECF #28-2, at paragraph 8, also sets forth just a few generic sentences. Paragraph 8 is an "umbrella" paragraph: a generalized statement purporting to cover a great deal of material. Such paragraphs are disapproved of: *Reporters Com v. FBI,* 3 F.4th 350, 370 (D.C.Cir. 2021)("The FBI's broad assertion of foreseeable harm from release of the records under its control was contained in just two "umbrella paragraphs" that purported to sweepingly address "*all* of the deliberative information in the case." Gov't Br. 38. But the assertion of harm in those umbrella paragraphs is wholly generalized and conclusory, just mouthing the generic rationale for the deliberative process privilege itself.")

**PLAINTIFF DOES NOT CHALLENGE DOJ'S ASSERTION OF EXEMPTION 6**

Plaintiff agrees that records containing personal information, such as private email addresses, need not be disclosed.

**IV. SUMMARY JUDGMENT SHOULD BE RENDERED IN FAVOR OF PLAINTIFF**

      The Department of Justice has wrongly asserted privileges, as argued above. Therefore, summary judgment should be rendered in favor of the plaintiff.

**CONCLUSION**

      On January 30, 2022, in its Memorandum Opinion, the Court set out clear guidelines to defendant, suggesting how it could overcome its shortcomings. But the defendant did not overcome its insufficiencies. Summary Judgment should be granted in favor of  Louise Trauma Center.

                    Respectfully Submitted,

                    *s/ David L. Cleveland*
                    David L. Cleveland
                    Attorney for Plaintiff
                    DC Bar # 424209
                    1220 L Street NW #100
                    Washington, DC 20005
                    [202] 812-8684   1949.david@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| LOUISE TRAUMA CENTER LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20cv3517 (RC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE ) | |
| ) | |
| Defendant. ) | |

---

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion for Summary Judgment, and for good cause shown, it is hereby:

      ORDERED: the motion is DENIED.

Upon consideration of Plaintiff's Motion for Summary Judgment, and for good cause shown, it is hereby:

      ORDERED: the motion is GRANTED.

Dated:_____

_____

United States District Court Judge