UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE TRAUMA CENTER LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-CV-3517 (RC) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DOJ OPPOSITION TO**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Louise Trauma Center, now files this Reply to DOJ's "Omnibus Reply..." ]ECF #32 and 33].

Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv 3517 (RC) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**                                                      Page

TABLE OF AUTHORITIES..................................................................................3

INTRODUCTION………………………………………………………….……5.

ARGUMENT.......................................................................................................5

I. The Materials Are Not Protected by the Deliberative Process Privilege..............5

II. The Materials Are Not Protected by the Attorney Client Privilege.....................11

III. Some of The Materials Are Not Protected by the
    Attorney Work Product Doctrine......................................................................14

IV.  Summary Judgment Should Be Rendered In Favor Of Plaintiff........................18

CONCLUSION………………………………………………………………....19

TABLE OF AUTHORITIES

**Cases**     Cases marked with * are chiefly relied upon                                                         Page

*Amadei v. Nielsen*, 2019 WL 8165492 (E.D.N.Y., April 17, 2019)......................................6 ,13

*Am Civ. Liberties v. United States DHS*, 2017 WL 9500949, at *11

   (C.D. Cal. Nov. 6, 2017).  .........................................................................................16

*Am Immigration Council v. U.S. Customs and Border Patrol*,

  2022 WL 741864, at *16 (D.D.C., March 11, 2022)........................................................10,15

**Am. Immigration Council v. US Dep't of Homeland Security,*

905 F. Supp. 2d 206, 223 (D.D.C. 2012)............................................................................11,17

*Brinton v. Dep't of State,* 636 F.2d 600, 603 (D.C.Cir. 1980)..............................................12

*Citizens for Resp. & Ethics v. US Dep't of Justice,*

  538 F. Supp. 3d 124, 138 (D.D.C.  2021). .........................................................................9

*Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C.Cir. 1980) .....7,12

*Conservation Force  v. Jewell,* 66 F. Supp. 3d 46 (D.D.C. 2014).........................................12

*Delaney, Migdail & Young v. IRS,* 826 F.2d 124 (D.C.Cir. 1987) .......................................15

*Fisher v. U.S.,* 425 U.S. 391, 403 (1976)..............................................................................11

*Friends of Animals v. Bernhardt,* 15 F.4th 1254, 1262-63 (10th Cir. 2021).........................10

*James Madison Project v. Dep't of Justice,* 436 F. Supp. 3d 195,  (D.D.C. 2020)..................5

*Jud. Watch. v. U.S. Dep't of Commerce*, 224 F.R.D. 261(D.D.C. 2004)................................8

*Jud. Watch v. U.S. Secret Service,* 726 F.3d 208, 215 (D.C.Cir. 2013)...................................9

*In Re Kellogg Brown & Root, Inc,* 756 F.3d 754 (D.C.Cir. 2014)........................................11

*Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981)......................................................8

*Louise Trauma Center LLC v. Dep't of Justice,*

 2022 WL 278771 at *7 (D.D.C. January 30, 2022).............................................................passim

*Meeropol v. Meese,* 790 F.2d 942, 951 (D.C.Cir. 1986).........................................................8

*New York Times v. Dep't of Health &Hum. Serv.*

        513 F. Supp. 3d 337, 354 (S.D.N.Y. 2021). .................................................................9

*Rosenberg v. US Dep't of Def.*

        442 F. Supp. 3d 240, 259 (D.D.C. 2020)......................................................................14,18

*Toensing v. U.S. Dep't of Justice,* 999 F.Supp. 2d 50, (D.D.C. 2013)......................................15

*White Coat Waste Project v. U.S. Dep't of Vet. Affairs,*

 443 F. Supp. 3d 176,189–90 (D.D.C. 2020),....................................................... .....10

INTRODUCTION

Plaintiff seeks more disclosure of documents concerning Office of Immigration Litigation training materials for lawyers in the appellate section. The DOJ has not sufficiently justified its withholdings.

### I. THE MATERIALS ARE NOT PROTECTED BY THE DELIBERATIVE PROCESS PRIVILEGE

***The deliberative process privilege is not "subsumed and overwhelmed" by other privileges***

DOJ argues that the deliberative process privilege "is subsumed and overwhelmed by other privileges, ECF #32, at page 5, but cites no cases in support. This argument fails, because each privilege is distinct. As stated in Note 4 in *Louise Trauma Center LLC v. Dep't of Justice,* 2022 WL 278771 at *7 (D.D.C. January 30, 2022): "The Court points out that proper labeling of which privilege corresponds to which document takes on an added level of importance now that FOIA also requires agencies to release information only if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption[,]" 5 U.S.C. § 552(a)(8)(A)(i)(I), given that the interests protected by the three privileges asserted here are distinct and may not apply with equal force to all documents within a large group."

***James Madison Project v. Dep't of Justice did not involve training materials***

DOJ cites *James Madison Project v. Dep't of Justice,* 436 F. Supp. 3d 195, (D.D.C. 2020) in ECF # 32, at page 14 of 17. However, that case did not involve training materials. Rather, it involved records concerning a particular former CIA officer. The records included "recommendations to the decisionmaker." *Id.* at 204. In one paragraph, the Court held that the deliberative process privilege applied. In another paragraph, the Court discussed the attorney-client privilege. The Court in *James Madison* discussed each privilege, one at a time,

5

recognizing that each is distinct. The DOJ in the instant case has failed to recognize this principle.

***No court has ruled that the deliberative process privilege applies to training materials***

Earlier, this Court opined: "The deliberative process privilege does not usually extend to training materials because "training is not a step in making a decision; it is a way to disseminate a decision already made." *Louise Trauma Center LLC v. Dep't of Justice,* 2022 WL 278771 at *8 (D.D.C. January 30, 2022). The DOJ cites no case law to the contrary.

In *Amadei v. Nielsen*, 2019 WL 8165492 (E.D.N.Y., April 17, 2019), the government did not even argue that the deliberative process privilege applied to training of new and existing CBP officers as regards compliance with the Fourth Amendment to the U.S. Constitution.

***The DOJ does not refute the specific examples cited by Plaintiff***

In ECF # 30, plaintiff criticized particular items in the Vaughn Index [ECF #29-1] But the DOJ does not respond.

ECF #30, beginning at page 4 of 23, points out deficiencies in the Vaughn Index:

At the bottom of page 2 of 51, of the Vaughn Index, the last sentence states:

"RIP Page 29: "Concluding Observations" – attorney work product privilege and deliberative process privilege asserted for OIL attorney's non-final view on
specific standards and the government's abilities when it comes to standard of review"

This sentence is insufficient. It does not claim there is a "decision," or that there is a "decisionmaker." It does not claim anyone participated in a "give-and-take."

At page 4 of 51, concerning Particular Social Groups, it says "deliberative process privilege asserted as these are not reflective of final agency decisions." That same phrase is repeated in the next box.

6

This explanation is insufficient.

Plaintiff made more particular criticisms, citing from pages 5, 6, 7, and 8 of the Vaughn Index. The DOJ has made no response.

***Even if the materials are protected by the deliberative process privilege, there has been no showing of foreseeable harm***

An agency may withhold information—even if it falls within the four corners of the exemption—"only if ... the agency reasonably foresees that disclosure would harm an interest protected by" an applicable FOIA exemption. *See* 5 U.S.C. § 552(a)(8)(A)(i)(I). Thus, there are two requirements: 1] the agency must identify an "interest protected" by the exemption; and then 2] the agency must show that disclosure would cause harm.

1. The DOJ Has Not Identified An Interest Protected By The Exemption

In *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C.Cir. 1980) the Court identified three interests:

"to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism;

-to protect against premature disclosure of proposed policies before they have been finally formulated or adopted;

-to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action."

The DOJ does not mention any of the above interests.

2. Even If DOJ Had Identified An Interest, It Has Not Shown How Disclosure Would Cause Harm

7

Elizabeth Wood has submitted two Declarations, but she merely recites phrases from case law and elsewhere, in a broad and conclusory fashion. She does not claim to have any personal knowledge. She states in ECF # 32-1, at paragraph 5, that disclosure would inhibit "discussions, which allow for the discussion of opposing viewpoints." But there is no evidence of any discussions. There is no evidence of the discussion of opposing viewpoints. Rather, the senior DOJ instructor lectures the new hires: Do this! This is the law!

3.  Because Elizabeth Wood Has No Personal Knowledge, Her Opinions Are Not Important

Ms. Wood states her comments are "based on my own knowledge and those working under my supervision and control." ECF # 32-1, paragraph 3. But, she does not claim she has ever talked to an instructor at the Department of Justice, and she does not claim that someone else surveyed and interviewed the instructors, and ascertained their thinking and fears. ECF # 30-2, Plaintiff's Statement Of Material Facts Not In Dispute. She may have some paralegals working under her supervision, but what do they know? We are not told.

To be sure, many courts have held that in a FOIA case, the agency declaration may properly include hearsay. *Meeropol v. Meese,* 790 F.2d 942, 951 (D.C.Cir. 1986). But Ms. Wood does not cite any hearsay.

It is true that many courts have held that a declarant in a FOIA case need not have personal knowledge.  But, there have been exceptions: *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (district court's grant of summary judgment reversed due to the affiant's lack of personal knowledge of the facts underlying the exemption and his reliance on hearsay); *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 264–65 (D.D.C. 2004) (court struck portions of the agency FOIA Director's declaration due to a lack of personal knowledge and impermissible hearsay).  If a declaration is called into question by "contradictory evidence in the

8

record," a court may demand more information. *Jud. Watch v. U.S. Secret Service,* 726 F.3d 208, 215 (D.C.Cir. 2013).

In *New York Times v. Office of Management and Budget,* 531 F. Supp. 3d 118, 129 (D.D.C. 2021) the Court discovered "statements of declarants who lacked personal knowledge, which were contradicted by other evidence of record;" therefore, the Court ordered that certain documents be released.

A recent case finding lack of personal knowledge to be critical is *Citizens for Resp. & Ethics v. US Dep't of Justice,* 538 F. Supp. 3d 124, 138 (D.D.C. 2021). In that case, the DOJ declarant, Ms. Brinkmann, "does not claim to have any personal knowledge of why the document was created or what its purpose might be, and while she states generally at the beginning of the declaration that she consulted with 'knowledgeable Department personnel,' she does not state that she spoke with any particular person to gain first-hand information about the provenance of this document." *Id.* at 138. Accordingly, the Court ruled that a document was not exempt.

Ms. Brinkman stated she consulted with knowledgeable Department personnel, but her declaration was still criticized. Ms. Wood does less than Ms. Brinkman: Ms. Wood does not claim to have consulted with anyone.

Another case finding lack of personal knowledge of a FOIA official to be critical is *New York Times v. Dep't of Health &Hum. Serv.* 513 F. Supp. 3d 337, 354 (S.D.N.Y. 2021). In that case, Mr. Merrell declared that participants had an expectation of privacy, but, "Merrell never explains how he knows that the 'participants' (whom he does not even define) had such an 'expectation' and does not assert that he has any personal knowledge of this fact."

9

Ms. Wood believes the instructors feel certain things. Why not ask the instructors directly how they feel? The Tenth Circuit cited the lack of evidence of how some employees felt, in denying an exemption to an agency in *Friends of Animals v. Bernhardt,* 15 F.4th 1254, 1262-63 (10th Cir. 2021) ("In fact, FWS offers no evidence that the submitters themselves believe they have a privacy interest." [emphasis in original]"

Yet another case finding lack of personal knowledge to be important is *White Coat Waste Project v. U.S. Dep't of Vet. Affairs,* 443 F. Supp. 3d 176,189–90 (D.D.C. 2020), which involved requests about research on dogs at Veterans Affairs facilities in Richmond VA and in Milwaukee. The agency claimed that people displeased with dog research protested outside of the facilities, made harassing phone calls, and threatened the researchers. Therefore, to show the need to prevent physical harm in the future, and to show that certain records should be deemed exempt, the agency filed the declaration of a Dr. Fallon, who described the protests and threats. However, his declaration was deemed insufficient: he was located in Atlanta GA; the facilities were in other cities. The Court stated that Fallon was a person who "testifies about incidents without explaining the basis for his personal knowledge…. Dr. Fallon fails to establish the basis for any personal knowledge of the incidents at McGuire VAMC and Milwaukee VAMC, as well as the incidents involving the researchers with no connections to the VA."

The statements of Ms. Wood are generalized and vague. She is not specific. She comes " close to arguing that any material covered by the deliberative process privilege also meets the foreseeable harm standard. But the foreseeable harm requirement imposes a meaningful burden on agencies.*American Immigration Council v. U.S. Customs and Border Patrol*, 2022 WL 741864, at *16 (D.D.C., March 11, 2022)

10

## II. THE MATERIALS ARE NOT PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE

The attorney-client privilege protects confidential information given by a client, to its lawyer, for the purpose of obtaining legal advice. The DOJ in this case has not identified any information, confidential or otherwise, given to a lawyer. This case involves senior lawyers, lecturing junior lawyers, about the law. The privilege does not apply.

Materials "used for general trainings by USCIS lawyers,and such generally applicable legal advice" that does not rest on "factual particularities conveyed in a typical confidential communication by a client" are not covered by this privilege. *Am. Immigration Council v. US Dep't of Homeland Security,* 905 F. Supp. 2d 206, 223 (D.D.C. 2012).

The DOJ cites *In Re Kellogg Brown & Root, Inc,* 756 F.3d 754 (D.C.Cir. 2014) at page 11 of 17 of ECF # 32. But that case involved a company that initiated an investigation "to gather facts and ensure compliance with the law after being informed of potential misconduct." *Id.* at 757. What the employees told their lawyers was held to be protected from disclosure. Employees gave facts to their lawyers. Very different from the instant case.

The Supreme Court instructs: "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged...The purpose of the privilege is to encourage clients to make full disclosure to their attorneys." *Fisher v. U.S.,* 425 U.S. 391, 403 (1976). Because the privilege " has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose. Accordingly it protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege.". *Id.*

The privilege "is narrowly construed and is limited to those situations in which its purposes will be served." *Coastal States Gas Corp. v Dep't of Energy,* 617 F.2d 854, 862–63,(D.C.Cir. 1980)

*Conservation Force v. Jewell,* 66 F. Supp. 3d 46 (D.D.C. 2014), cited by DOJ at page 11 of ECF # 32, involved applications, made by four individuals, to import hunting trophies into the United States. The Fish and Wildlife Service denied the applications. The four individuals filed a complaint, alleging that the denials were arbitrary and capricious. Plaintiff, a non-profit foundation, then filed a FOIA request for documents held by the Fish and Wildlife Service, concerning that litigation. The Court noted: "The privilege protects information that the client imparts to his attorney, as well as advice that the attorney gives the client in reliance on those facts..." 66 F. Supp. 3d at 62. The Court held that the privilege did apply, because the documents in question were in "response to requests for advice regarding how to respond to opposing counsel in the course of ongoing litigation..." *Id.* at 63. In other words, the documents in *Conservation Force* involved a lawyer's response to an actual case, with real facts. However, in the instant case, senior lawyers are merely lecturing junior lawyers about routine cases. There are no "facts."

The privilege can protect communications from a lawyer to the client "only if the communication is based on confidential information provided by the client." *Brinton v. Dep't of State,* 636 F.2d 600, 603 (D.C.Cir. 1980)(citing *Mead Data Cent. v. U.S. Dep't of Air Force,* 566 F.2d 242, 254 (D.C.Cir. 1977). In the instant case, the DOJ does not claim the newly-hired lawyers provided any information to the lecturers.

A court in New York found that training of new and existing CBP officers concerning the Fourth Amendment to the U.S. Constitution was not protected by the attorney-client privilege.

12

*Amadei v. Nielsen*, 2019 WL 8165492, at *1 (E.D.N.Y., April 17,2019). That court noted that since the privilege blocks access to information, the privilege "ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle. " *Id.* at *7 [cleaned up]

### *The DOJ does not refute the specific examples cited by Plaintiff*

In ECF #30, Plaintiff criticized particular statements in the Vaughn Index:

At page 8 of the Vaughn Index, at the last sentence, it says

WIF Page 9, 33: "Categorical Approach Realistic Test
on Burglary" – attorney client privilege asserted for
guidance on how to argue specific elements and the
perceived differences in those elements, and the
possible documents needed to support the arguments

This is insufficient. This explanation does not identify a client; nor does it claim that a client "confidentially communicated facts."

Plaintiff also identified deficiencies at page 17 and 51 of the Index. The DOJ makes no response.

The DOJ, in ECF #32, commented on four other pages of the Vaughn Index. ECF #32, at page 12 of 17, mentions pages 50-51, page 17, and page 33 of the Vaughn Index. The DOJ says the pages provide "legal advice." But the DOJ does not claim a client gave confidential facts to a lawyer.

Earlier, the Court admonished and warned the DOJ that its explanations were insufficient. *LOUISE TRAUMA CENTER, LLC v. DEPARTMENT OF JUSTICE,*, 2022 WL 278771, (D.D.C., January 30, 2022). For example, the agency must show there was a "fact of which the attorney was informed by his client, outside the presence of strangers, for the purpose of securing legal advice." Id. at *9.  The DOJ has made no such showing.

If the material contains "factual particularities conveyed in a typical confidential communication by a client," the privilege might apply. Id. at *9. But the DOJ has made no showing of that.

*Even if the materials are protected by the attorney client privilege, there has been no showing of foreseeable harm*

An agency "must identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials and connect the harms in a meaningful way to the information withheld." *Rosenberg v. US Dep't of Def.* 442 F. Supp. 3d 240, 259 (D.D.C. 2020) (internal quotation marks omitted). Mere speculation about potential harm or boilerplate justifications are insufficient. *Jud. Watch, Inc. v. U.S. Dep't of Com.,* 375 F. Supp. 3d 93, 100 (D.D.C. 2019). The Declaration of Elizabeth Wood, ECF #32-1, sets forth just rhetoric, but it is not tailored to particular materials. The word "fact" and the word "confidential" are not mentioned.

**III. SOME OF THE MATERIALS ARE NOT PROTECTED BY THE ATTORNEY WORK PRODUCT DOCTRINE**

*No Program Is Being Challenged*

Earlier, the Court admonished and warned the DOJ that its explanations were insufficient. *LOUISE TRAUMA CENTER, LLC v. DEPARTMENT OF JUSTICE,*, 2022 WL 278771, (D.D.C., January 30, 2022). For example, the Court stated: "But nothing in the Index discusses a DOJ policy or program that might be challenged, rather, the potential litigation DOJ alludes to appears to be appeals of routine removal cases." Id. at *5. The DOJ still does not mention a policy or program that might be challenged. The DOJ does not claim the materials are aimed at special, non-routine removal cases.

14

The DOJ suggests, ECF # 32, at page 7 of 17, that the "program" is the training. But mere training is not a "program." Even if it is, the DOJ does not claim that someone will "challenge" it.  Routine training is not protected  by the work product doctrine.

This court, in its ruling of January 30, 2022, cited *Am. Immigration Council v. US Dep't of Homeland Security,* 905 F. Supp. 2d 206,222 (D.D.C. 2012), which involved a presentation by USCIS's Office of the Chief Counsel to teach employees how to interact with private attorneys during adjudication. The material  was "literally" in anticipation of litigation, but it did  "not anticipate litigation ensuing from any 'particular transaction.' (citing *In re Sealed Case,* 146 F.3d 881, 885 (D.C. Cir. 1998). The material was prepared "to convey routine agency policies." *Id.* So, it is not attorney work product.

The DOJ does not attempt to distinguish *Am. Immigration Council* in ECF #32.

At page 6 of 17 of ECF #32, the DOJ cites *Delaney, Migdail & Young v. IRS,* 826 F.2d 124 (D.C.Cir. 1987). But that case involved " a system of statistical sampling to audit large accounts." "Before  adopting the program, [the IRS] had its attorneys prepare two memoranda analyzing the legal ramifications of the system." *Id.* at 126. A particular program was in danger of being challenged, so IRS attorneys wrote about it. There is no particular program being challenged in the instant case.

The DOJ also cites *Toensing v. U.S. Dep't of Justice,* 999 F.Supp. 2d 50, (D.D.C. 2013). But that case involved a lawyer, Ms. Toesning, who was subpoenaed to testify before a grand jury in Delaware. Ms. Toensing then made a FOIA request for records, concerning that matter. The Court held that the work product doctrine protected materials prepared by DOJ lawyers. That case involved an actual criminal case, with real facts. That case is far different from the instant case.

This court, in its January 30, 2022 ruling, cited *American Civil Liberties Union of San Diego & Imperial Counties v. United States Department of Homeland Security*, No. 8:15-CV-00229, 2017 WL 9500949, at *11 (C.D. Cal. Nov. 6, 2017). That court held that a training document entitled "Enforcement Law Course" was not protected by attorney-client or work-product privilege because it contains 'no fact-specific legal advice." The DOJ does not mention this case.

**Litigation Strategy Could Be Protected, But The DOJ Does Not Argue That For Many Documents**

This Court suggested that materials that advised "how to respond to the other side's arguments," and "which cases to cite," could be protected by the attorney work product privilege. Id. at *5.  But the DOJ does not argue along these lines. The Court noted that "litigation strategies" could be protected. Id. at *5. The phrase "litigation strategies" suggests responses to a scenario: if opposing counsel argues X, then you should argue Y.  If the Judge suggests X, then you should argue Y.  But in the paragraphs challenged by the plaintiff, the DOJ does not argue along those lines.

The Court acknowledged that although appellate courts have declared that attorney training materials can be protected by the work-product doctrine, the reasoning of those courts should not be applied "too broadly." Id. at *5. A broad reading of those cases is inconsistent both with the statutory purpose of FOIA and the longstanding values of justice in the United States." Id.

**"Viewpoints" Are Not "Litigation Strategy"**

1. *Materials that state the instructor's "viewpoint" are not protected by the work-product privilege.*

All instructors have "viewpoints." All instructors state what they believe the law is. It is

16

their "viewpoint" that X is the law. Their viewpoints should be disclosed. At times, the DOJ claims the instructors have "views, analysis, or thoughts." But these are not different from viewpoints.

The viewpoints of the instructors are similar to the "viewpoints" of the memorandum from INS's General Counsel to INS's Office of International Affairs, discussed in *Am. Immigration Council v. US Dep't of Homeland Security,* 905 F. Supp. 2d 206, 222 (D.D.C. 2012). The General Counsel memorandum provided an interpretation of a regulation, dealing with the right to counsel for refugees. The document had "no hint that the decision was influenced by litigation, let alone that the document was written 'because of litigation." 905 F. Supp. 2d at 222. The document was not protected by the work-product doctrine. It contained "viewpoints," in the same way that the instructors in the instant case provided viewpoints.

2. *The DOJ does not mention the several particular criticisms pointed out by Plaintiff.*

Earlier, in ECF #30, Plaintiff criticized several descriptions in the Vaughn Index of DOJ. For example, at page 11 of 23 of #30, Plaintiff quoted page 2 of the Vaughn Index:

> RIP Pages 8-10: "What's new in Matter of A-B, 27 I.&N. Dec. 316 (A.G. 2018)?"; "Government Role in Matter of A-B"; and "History of condoned/complete helplessness"– attorney work product privilege asserted for attorney's viewpoint on the government's role post Matter of A-B, as well as specific language cited from the case the attorney considers important.

This is insufficient. It identifies no program. It identifies no specific investigation. It does not claim to involve any "strategy." It appears to be general instructions for routine cases. It does not advise "how to respond to the other side's arguments." It does not suggest how to respond to any particular scenario, for example, "if opposing counsel argues X, then you should argue Y."

17

The materials state an "attorney's viewpoint" on a case and "specific language" from the case. This is merely a statement of what the law is: it is close to a "neutral recitation of a rule."

All instructors have "viewpoints." Stating that the material reflects the author's "viewpoints" is saying nothing.

At page 13 of 23 of #30, Plaintiff also quoted and criticized paragraphs from page 3 of the Index. At page 14 of 23, Plaintiff quoted and criticized paragraphs from page 4 of the Index.

Plaintiff also quoted and criticized paragraphs from these pages of the Index:

page 5, 7, 12, 26, 35, 42, 45, and 50-5.

In response, the DOJ is silent.

*Even if the materials are protected by the work product doctrine, there has been no showing of foreseeable harm*

An agency "must identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials and connect the harms in a meaningful way to the information withheld." *Rosenberg v. US Dep't of Def.* 442 F. Supp. 3d 240, 259 (D.D.C. 2020) (internal quotation marks omitted). Mere speculation about potential harm or boilerplate justifications are insufficient. *Jud. Watch, Inc. v. U.S. Dep't of Com.,* 375 F. Supp. 3d 93, 100 (D.D.C. 2019). The DOJ provides only generalized, conclusory speculations about future harm.

## IV. SUMMARY JUDGMENT SHOULD BE RENDERED IN FAVOR OF PLAINTIFF

The Department of Justice has wrongly asserted privileges, as argued above. Therefore, summary judgment should be rendered in favor of the plaintiff.

**CONCLUSION**

On January 30, 2022, in its Memorandum Opinion, the Court set out clear guidelines to defendant, suggesting how it could overcome its shortcomings. But the defendant did not overcome its insufficiencies. Summary Judgment should be granted in favor of Louise Trauma Center.

Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   1949.david@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE TRAUMA CENTER LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE ) <br> ) <br> Defendant. ) | Civil Action No. 20cv3517 (RC) |

### **[PROPOSED] ORDER**

Upon consideration of Defendant's Motion for Summary Judgment, and for good cause shown, it is hereby:

    ORDERED: the motion is DENIED.

Upon consideration of Plaintiff's Motion for Summary Judgment, and for good cause shown, it is hereby:
    ORDERED: the motion is GRANTED.


Dated:_____


_____
United States District Court Judge

20