UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LOUISE TRAUMA CENTER LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-3517 (RC) |
| | : | | |
| v. | : | Re Document No.: | 28 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

Plaintiff Louis Trauma Center LLC challenges the United States Department of Justice's withholding—in response to Plaintiff's request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552—of multiple documents related to DOJ's Office of Immigration Litigation ("OIL"). DOJ contends that it is entitled to withhold some of the documents requested by Plaintiff under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), asserting that the documents are protected from disclosure by the attorney-client privilege, attorney work product privilege, and deliberative process privilege. Plaintiff disagrees. Unable to reach a consensus, the parties filed cross-motions for summary judgment. *See* Def.'s Renewed Mot. for Summ. J., ECF No. 28 ("Mot. for Summ. J."); Pl.'s Cross-Mot. for Summ. J., ECF No. 31.[1]

---

[1] DOJ has also redacted some documents pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6), but Plaintiff does not contest that private personnel information is exempt from disclosure under that exemption. *See Louise Trauma Ctr., LLC v. Dep't of Just.*, No. 20-3517, 2022 WL 278771, at *10 (D.D.C. Jan. 30, 2022) ("*Louis Trauma I*").

In an earlier Opinion, *Louise Trauma Ctr. LLC v. U.S. Dep't of Just.*, No. CV 20-3517, 2023 WL 2663007, at *1 (D.D.C. Mar. 28, 2023) ("*Louis Trauma II*"), this Court granted in part and denied in part DOJ's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. With respect to the documents for which the Court denied DOJ summary judgment, the Court further ordered DOJ to either submit the documents for *in camera* review or release the documents to Plaintiff. *Id.* at *6, 8–9. DOJ released some of the documents and submitted the remainder to the Court for *in camera* review. After reviewing the remaining withheld documents *in camera*, the Court grants Defendant summary judgment with respect to some of the withheld documents but not others.

## II.  FACTUAL BACKGROUND

The Court presumes familiarity with the factual and procedural background described in *Louise Trauma I*, 2022 WL 278771, at *1 and *Louise Trauma II*, 2023 WL 2663007, at *1–2. As explained above, after the Court's Opinion in *Louis Trauma II*, DOJ released additional documents to Plaintiff. The following records, however, remain either withheld in full ("WIF") or redacted in part ("RIP"):

- Page concerning "Certification in OIL Cases."
- Presentation titled "Crimmigration."
- Presentation titled "Professional Responsibility in Immigration Litigation."
- Presentation titled "Professional Responsibility Issues – OIL Litigation Part II."
- Presentation titled "Professional Responsibility Advisory Office Training PowerPoint."

Accordingly, the Court reviews the above records *in camera* to determine whether they are exempt from FOIA disclosure.

### III.  LEGAL STANDARDS

FOIA requires the disclosure of requested government records other than "portions [of the record] which are exempt" from disclosure by one of nine statutory exemptions.  5 U.S.C. § 552(b).  This means that all "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."  *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defs. Of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citation omitted). Under Federal Rule of Civil Procedure 56, the Court "grant[s] summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "A fact is material if it is one that might affect the outcome of the suit under the governing law."  *Jeffries v. Barr*, 965 F.3d 843, 859 (D.C. Cir. 2020) (cleaned up). A dispute over a material fact is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  *Id.*

"To prevail on a motion for summary judgment in a FOIA case, 'the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements.'" *Woodward v. U.S. Marshals Serv.*, No. CV 18-1249, 2022 WL 296171, at *2 (D.D.C. Feb. 1, 2022) (quoting *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980)).

Here, DOJ relies primarily on Exemption 5, which authorizes the Government to withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5); Mot. for Summ . J. at 3.  DOJ contends that the materials it has either redacted or withheld in full "would

not be available by law to a party other than an agency in litigation with the agency" because it is protected by (1) the attorney-client privilege, (2) the attorney work product privilege, or (3) the deliberative process privilege. Mot. for Summ. J. at 3–7.

"The attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services." *Tax Analyst v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997). While the privilege, "at its core, protects communications from a client to an attorney," *Zander v. Dep't of Just.*, 885 F. Supp. 2d 1, 16 (D.D.C. 2012) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)), it also protects communications from an attorney to a client "if the communications 'rest on confidential information obtained from the client,'" *Tax Analyst*, 117 F.3d at 618 (citation omitted); *see also Schlefer v. United States*, 702 F.2d 233, 245 (D.C. Cir. 1983) ("The attorney-client privilege in federal courts protects communications from attorney to client to avoid the risk of inadvertent, indirect disclosure of the client's confidences."). "In the governmental context, the 'client' may be the agency and the attorney may be an agency lawyer." *Tax Analyst*, 117 F.3d at 618. Furthermore, "[a] court may infer confidentiality when the communications suggest that 'the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests.'" *Heartland All. for Hum. Needs & Hum. Rts. v. U.S. Immigr. & Customs Enf't*, 406 F. Supp. 3d 90, 122–23 (D.D.C. 2019) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980)).

The attorney work product privilege "shields materials 'prepared in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative,'" *Tax Analyst*, 117 F.3d at 620 (quoting Fed. R. Civ. P. 26(b)(3)), and enables "lawyer[s] to develop [their] mental impressions and legal theories without fear of having [their] adversaries rummage

through them at leisure," *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 126 (D.C. Cir. 1987).  Work product is protected if "disclosure . . . risks revealing DOJ's litigation strategies and legal theories regardless of whether it was prepared with a specific claim in mind." *Nat'l Ass'n of Crim. Def. Laws. v. Dep't of Just. Exec. Off. for U.S. Att'ys*, 844 F.3d 246, 254 (D.C. Cir. 2016).  In the FOIA context, the attorney work product privilege is "interpreted broadly and held largely inviolate."  *Jud. Watch, Inc. v. Dep't of Just.*, 432 F.3d 366, 369 (D.C. Cir. 2005).

The deliberative process privilege protects documents that reflect an agency's decision-making process.  *Louise Trauma II*, 2023 WL 2663007, at *8.  To be protected, however, the document must contain information that is both predecisional and deliberative.  *Id.*  "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021) (citation omitted). More specifically, a document is considered deliberative if it "reflects the give-and-take of the consultative process."  *Coastal States*, 617 F.2d at 866.

### IV.  ANALYSIS

The Court addresses in turn whether each of the documents DOJ has continued to redact or withhold is exempt from disclosure.  In considering each of the documents, the Court refers to the justification for FOIA exemption provided in DOJ's revised *Vaughn* index and the declarations included with its *in camera* submission.[2]  "[*I*]*n camera* inspection of an agency affidavit is warranted when it is necessary to evaluate an agency's exemption claims and a

---

[2] The page references to DOJ's *in camera* submission refer to the pages within each tab of the binder of documents provided by DOJ.

detailed description of the withheld documents would risk disclosing information the agency seeks to protect." *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 548 F. Supp. 3d 185, 198 (D.D.C. 2021). Here, DOJ's declarations are reviewed *in camera* as they contain information that would risk disclosure of protected information.

### A. Certification in OIL Cases

The Court begins with a "redacted page concerning 'Certification in OIL Cases' in a PowerPoint combining presentations titled, 'Hot Topics in Criminal Immigration Litigation' and 'Serious Nonpolitical Crime Bar and Interpol Red Notices.'" *Louis Trauma II*, 2023 WL 2663007 at *5.[3] The Government's revised *Vaughn* index contends that the redacted information is protected by the attorney work product privilege and that releasing the redacted information would provide opposing parties a strategic advantage in immigration litigation. *Vaughn* Index at 4.

With the benefit of *in camera* review of the redacted page, RIP Page 61, the Court concludes that the second of two redacted bullet points is protected by the work product privilege because it reveals the "mental impressions and legal theories" of an attorney, prepared in anticipation of litigation. *Delaney, Migdail & Young, Chartered*, 826 F.2d at 126. Therefore, the second bullet point on RIP Page 61 is exempt from FOIA disclosure under Exemption 5.

The first bullet point, however, is tantamount to a "neutral account[] of government policy," and, therefore, not protected as attorney work product. *Nat'l Ass'n of Crim. Def. Laws.*, 844 F.3d at 255–56 (internal quotations omitted). Although neutral content can still reveal an attorney's mental impressions when viewed in context, that is not the case for the first bullet point. Even considered in context, the first bullet would not "tend to reveal the lawyer's

---

[3] This document is located in Tab A of DOJ's *in camera* submission.

thoughts" about litigation strategy. *Id.* at 256.  Because the first bullet point in RIP Page 61 is not protected by the attorney work product privilege, it is not exempt from disclosure under Exemption 5.

Accordingly, the Court grants the Government summary judgment with respect to the second redacted bullet point on RIP Page 61 but denies summary judgment with respect to the first redacted bullet point on RIP Page 61.

### B. Crimmigration Presentation

The Court next turns to two pages redacted in part and two pages withheld in full from a presentation titled, "Crimmigration." *Louise Trauma II*, 2023 WL 2663007, at *6.[4]  With respect to these pages, the Court previously observed that "[i]t is tempting to infer that DOJ unintentionally asserted the attorney-client privilege as to these entries when in fact it meant to assert the work product privilege," but the Court could not make that determination because "DOJ failed to correct this possible error." *Id.* at *7.  In its revised *Vaughn* Index, however, DOJ now clarifies that the redacted and withheld pages contain attorney work product and justifies its exemption on that basis.  *Vaughn* Index at 1–3.  The "[f]ailure to raise specific exemption claims" in an earlier *Vaughn* index is not a waiver if "the District Court grants leave to amend the *Vaughn* index." *Jud. Watch,* 1995 WL 450520, at *1.  Because the Court invited the Government to submit a "revised *Vaughn* index" "with supplemental explanation of the privilege asserted," *Louise Trauma II*, 2023 WL 2663007, at *9, the new justification in the Government's revised *Vaughn* index is not waived.  Accordingly, the Court assesses whether the redacted and withheld pages are protected by the attorney work product privilege.

---

[4] These documents are located in Tab B of DOJ's *in camera* submission.

With the benefit of *in camera* review, the Court holds that the redacted portion of RIP Page 8 is protected by the attorney work product privilege. Although minimal information can be gleaned from the redacted bullet point, in the context of the presentation, the redacted bullet does convey the "mental processes of the attorney" and is therefore protected by the work product privilege. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The redacted bullet points on RIP Page 9 and WIF Page 32 are also protected by the attorney work product privilege because they likewise convey the mental impressions and legal strategy of an attorney in anticipation of litigation. *Id*. Therefore, the material in RIP Pages 8 and 9 and WIF Page 32 is exempt from disclosure under Exemption 5. Accordingly, the Court grants summary judgment to DOJ with respect to RIP Pages 8, and 9 and WIF Page 32.

By contrast, the Court holds that WIF Page 33 does not represent the mental processes or impressions of an attorney prepared in anticipation of litigation. This is so because the material on WIF Page 33 neutrally restates black letter law. In other words, the material on WIF Page 33 constitutes "neutral legal analysis that is disconnected from litigation strategy." *Louise Trauma II*, 2023 WL 2663007, at *4 (internal quotation marks and citation omitted). Although a lawyer's selection of neutral law may reveal her focus, "opinion work product protection is warranted only if the selection or request reflects the attorney's focus in a meaningful way." *FTC v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 151 (D.C. Cir. 2015). The information presented on WIF Page 33 does not reveal the attorney's focus because it merely restates requirements set forth in *Shepard v. United States*, 544 U.S. 13 (2005), without any additional comment or strategy. Therefore, the Court denies DOJ summary judgment with respect to WIF Page 33.

8

### C. Professional Responsibility in Immigration Litigation Presentation

DOJ has also claimed that Exemption 5 applies to several redactions "in a presentation titled 'Professional Responsibility in Immigration Litigation.'" *Louise Trauma II*, 2023 WL 2663007, at *7 (citation omitted).[5] Although DOJ initially asserted the attorney-client privilege as the basis for exempting these materials from disclosure, in its revised *Vaughn* Index, DOJ now includes the attorney work product privilege as a basis for this exemption as well. *Vaughn* Index at 3–4. Accordingly, the Court assesses whether the redacted materials are protected by either the attorney-client privilege or the attorney work product privilege.

After reviewing the redacted materials *in camera*, the Court holds that the majority of the redacted materials are protected by the attorney work product privilege because disclosure would "risk[] revealing DOJ's litigation strategies and legal theories." *Nat'l Ass'n of Crim. Def. Laws.*, 844 F.3d at 254. Although the redacted and withheld slides often describe how to avoid violating ethical obligations, the information still falls within the ambit of the attorney work product privilege because it conveys DOJ's strategy on how to litigate within ethical boundaries. For instance, RIP Pages 9, 17, 24 29, 41, 46, and 51 provide DOJ attorneys advice as to the appropriate course of conduct in various litigation situations. Additionally, RIP Pages 20, 27, 35, 38, 42, and 55 share an attorney's interpretation and theories with respect to various rules of professional conduct commonly implicated in immigration litigation. RIP Pages 30 and 32—when viewed in the context of the presentation—also reveal the mental processes of the attorney presenter. Specifically, RIP Pages 30 and 32 present the viewer with questions about specific legal scenarios and—with that information—the viewer can infer the attorney's mental process from the surrounding slides, thereby revealing the attorney's impressions and legal theories.

---

[5] These documents are located in Tab C of DOJ's *in camera* submission.

Because these redacted materials all provide an attorney's impressions and analyses on the appropriate way to approach or resolve specific legal situations that can arise in the course of immigration litigation, they are attorney work product and are exempt from disclosure under FOIA Exemption 5.  Accordingly, the Court grants summary judgment to DOJ with respect to these materials.

Additionally, the Court holds that the remaining redacted document—RIP Page 5—as well as the documents listed above are protected by the attorney-client privilege.  The redacted documents "suggest that 'the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests.'" *Heartland All. for Hum. Needs & Hum. Rts.*, 406 F. Supp. 3d at 122–23 (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 863).  This is so because the redacted documents primarily comprise questions and answers to those questions that implicate professional responsibility issues that DOJ attorneys face.  *See Mead Data Cent.*, 566 F.2d at 253 (holding that attorney's advice on legal ramification of Government actions was protected by attorney-client privilege).  For instance, RIP Page 5 relates to advice on how to avoid violating ethics rules.  In crafting these questions and answers, the presentation's creator—an attorney—considered information learned from confidential communications she had with DOJ attorneys who had sought her advice on professional responsibility issues.  *See* Decl. of Papu Sandhu, ¶¶ 4–5; *see also* Decl. of Stacy M. Ludwig, ¶¶ 3.  Because the information contained in the redacted slides rests on confidential information obtained from a client, it is protected by the attorney-client privilege and exempt from disclosure under Exemption 5.  *See Tax Analyst*, 117 F.3d at 618.

### D. Professional Responsibility Issues – OIL Litigation Part II

DOJ contends that the materials it has redacted from the presentation titled "Professional Responsibility Issues – OIL Litigation Part II" are also protected by the attorney work product privilege and attorney-client privilege and therefore exempt from disclosure.[6]

After *in camera* review of the redacted material, the Court holds that the redacted portions in this presentation are exempt from disclosure under Exemption 5; some are protected by the attorney work product privilege, while others are protected by attorney-client privilege.

The Court begins by noting the redactions that are covered by the attorney work product privilege. RIP Pages 11, 18, 28, 31, 32, 36, 42, 45, and 49 all provide an attorney's advice on what DOJ line attorneys should do in various situations implicating ethical conduct rules in immigration litigation. As such, the documents fall within the "'zone of privacy'" that the attorney work product privilege provides attorneys to "think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories." *Nat'l Ass'n of Crim. Def. Laws.*, 844 F.3d at 251 (citation omitted). RIP Page 53 is also protected as it presents an attorney's litigation strategy advice related to handling ex parte communication.

The remaining redacted pages—RIP Pages 5 and 26—are protected by the attorney-client privilege rather than the attorney work product privilege. Each of these redactions provides an attorney's advice on how to handle a legal situation that DOJ attorneys may face. And DOJ has represented to the Court that the advice provided is based on confidential conversations between DOJ attorneys from the Professional Responsibility Advisory Office—as well as OIL's Professional Responsibility Officer—and DOJ attorneys who have sought confidential advice on complying with ethics obligations. *See* Decl. of Papu Sandhu, ¶¶ 4–5; *see also* Decl. of Stacy M.

---

[6] These documents are located in Tab D of DOJ's *in camera* submission.

11

Ludwig, ¶ 3. Thus, the Court can infer that "'the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests" when it provided the information redacted on RIP Pages 5 and 26. *Heartland All. for Hum. Needs & Hum. Rts.*, 406 F. Supp. 3d at 122–23 (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 863). Accordingly, the redacted information is protected by the attorney-client privilege and exempt from disclosure under Exemption 5.

Finally, the redaction of an attorney's phone number on the last page of the presentation is exempt from disclosure under Exemption 6, which covers "personnel . . . and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

### E.  Professional Responsibility Advisory Office Training PowerPoint

Lastly, the Court turns to material redacted and withheld in full from a presentation titled, "Professional Responsibility Advisory Office Training PowerPoint." *Louise Trauma II*, 2023 WL 2663007, at *8.[7]

Of the redacted and withheld documents, two documents—RIP Pages 1 and 58—were redacted in part only. Each of these redactions removes the name of a DOJ Legal Advisor—which would seemingly fall under Exemption 6. As explained above, Exemption 6 to FOIA applies to "personnel . . . and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Despite that, the revised *Vaughn* Index does not cite Exemption 6 as the justification for these redactions. *See Vaughn* Index, at 6–7. Nevertheless, because DOJ has previously relied on Exemption 6 to redact personnel information—and because releasing that information would harm the privacy interests

---

[7] These documents are located in Tab E of DOJ's *in camera* submission.

of an individual DOJ attorney—the Court will infer that these names have been redacted pursuant to that Exemption.[8] *C.f. Delaney, Migdail & Young, Chartered*, 826 F.2d at 128 (holding government may provide materials in any form so long as Court can assess claim of privilege). Accordingly, summary judgment is granted to DOJ with respect to these two redactions.

Of the remaining pages in this presentation, DOJ released seventeen to Plaintiff, withholding in full 108. After *in camera* review, the Court holds that the following WIF Pages are *not* protected by the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege: 4, 5, 22, 26–28, 32–37, 40, 43–46, 48, 53–54, 60, 62–63, 65, 70, 78–81, 87, 106, 110–13, 117, and 121–25.

The withheld pages are not attorney work product. As explained above, "neutral accounts of government policy that merely pertain to the subject of litigation in the abstract may not be privileged" unless in context the information "would tend to reveal the lawyer's thoughts about which authorities are important and for which purposes." *Louise Trauma II*, 2023 WL 2663007, at *3–4 (cleaned up). The materials that the Court holds not exempt here do not "tend to reveal the lawyer's thoughts" about which authorities are important in litigation. *Id.* at *4. Rather, many of the withheld slides are segregable as they merely quote verbatim or restate rules of ethics without indicating how the attorney is thinking about those rules or how those rules are

---

[8] The Court chides DOJ for failing to justify these redactions based on Exemption 6, 5 U.S.C. § 552(b)(6). In *Louis Trauma I*, the Court indicated that DOJ may "continue to rely on Exemption 6 to withhold the described information if necessary *but should indicate with specificity where and how it has done so on its next Vaughn Index*." 2022 WL 278771, at *10 (emphasis added). The Court also observed that "it is impossible to tell which documents are being withheld pursuant to Exemption 6 and which pursuant to Exemption 5, *and it expects DOJ to rectify that shortcoming in its next submission*." *Id.* at *3, n. 1 (emphasis added). It is concerning that DOJ has failed to appropriately justify its exemptions yet again.

relevant to contemplated immigration litigation.  Other slides are also segregable because they contain purely factual information that does not reveal an attorney's mental process in contemplation of litigation.

Nor are the withheld pages protected by the attorney-client privilege.  The attorney-client privilege applies when the information shared by an attorney rests on confidential information provided by the client.  *Id.* at *6.  The Court cannot "infer confidentiality" here because the information shared is purely neutral information or a restatement of ethical rules without any basis to believe that the information shared is based on confidential communications from the client.  *Id.*  In other words, disclosure of this material does not risk "inadvertent, indirect disclosure of the client's confidences."  *Id.* (citation omitted).

The deliberative process privilege does not apply either.  The deliberative process privilege protects documents that are both predecisional and deliberative.  *Louise Trauma II*, 2023 WL 2663007, at *8.  The documents listed above—*i.e.*, WIF Pages 4, 5, 22, 27–28, 32–37, 40, 43–45, 48, 53–54, 60, 62–63, 65, 70, 78–79, 110–13, 117, and 121–25—are not deliberative.  For instance, many of these documents merely restate or quote the model rules of professional conduct.  Rules of professional conduct are binding on attorneys and there is no deliberative aspect involved in these slides.  *See e.g.*, District of Columbia Rule of Professional Conduct 8.5 (stating that attorneys "admitted to practice in this jurisdiction [are] subject to the disciplinary authority of this jurisdiction").

Accordingly, WIF documents 4, 5, 22, 27–28, 32–37, 40, 43–45, 48, 53–54, 60, 62–63, 65, 70, 78–79, 110–13, 117, and 121–25, are not exempt from disclosure under Exemption 5 and the Court denies summary judgment with respect to these withheld documents.

The remaining withheld documents in Tab E are protected by the attorney-client privilege and the work product privilege. Although the Court will not address each document individually, each document either advises DOJ attorneys on how to perform in litigation—thereby constituting attorney work product—or else is based on confidential communications between DOJ line attorneys and DOJ attorneys who advise on professional responsibility issues. *See* Decl. of Papu Sandhu, ¶¶ 4–5; *see also* Decl. of Stacy M. Ludwig, ¶ 3. Accordingly, the remaining documents are exempt from disclosure under Exemption 5 and the Court grants the DOJ summary judgment with respect to those withheld in full documents.

## V.  CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. It is **FURTHER ORDERED** that DOJ shall produce to Plaintiff the records with respect to which the Court denies DOJ's motion for summary.[9] An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: October 12, 2023                                         RUDOLPH CONTRERAS
                                                                United States District Judge

---

[9] The Court observes that DOJ has been afforded three opportunities on summary judgment to demonstrate that the contested records are exempt from disclosure.